# STAMATOPOULOS v. STEPHANO BROTHERS.

TRADEMARKS; CONSTITUTIONAL LAW; RETROACTIVE STATUTE.

1. The registration of trademarks is regulated entirely by statute, and creates no property rights which forbid either regulation or abolition by Congress.

2. Section 13 of the act of Congress of February 20, 1905 (33 Stat. at L. 724, chap. 592, U. S. Comp. Stat. Supp. 1911, p. 1459), permitting the registration of a trademark to be challenged by a proceeding for cancelation, is remedial, and Congress therefore had power to make it apply to previous registrations.

3. Section 13 of the act of Congress of February 20, 1905 (33 Stat. at L. 724, chap. 592, U. S. Comp. Stat. Supp. 1911, p. 1459), permitting the registration of a trademark to be challenged by a proceeding for cancelation, applies to registrations allowed under previous acts.

Patent Appeal No. 899.  Submitted January 20, 1914.  Decided March 2, 1914.

HEARING on an appeal from a decision of the Commissioner of Patents dismissing an application for the cancelation of the registration of a trademark.                    *Reversed.*

The COURT in the opinion stated the facts as follows:

This action was brought in the Patent Office by Stamatis D. Stamatopoulos, appellant for the cancelation of the registration of the trademark "Rameses" for cigarettes, granted to appellee August 8, 1899, and September 5, 1905, respectively. The first registration was granted under the act of 1881. It was held by the Commissioner of Patents that, as to that registration, the office lacked jurisdiction to cancel it. From this ruling the case was brought here on appeal.

*Mr Frank M. Clute, Mr. Walter F. Welch,* and *Mr. E. S. Duvall, Jr.,* for the appellant.

*Messrs. Wise & Lichtenstein* for the appellees.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The right of any person deeming himself injured by the registration of a trademark to challenge it by a proceeding for its cancelation, is provided for in sec. 13 of the act of Congress of February 20, 1905 (33 Stat. at L. 724, chap. 592, U. S. Comp. Stat. Supp. 1911, p. 1459), and it was under this act that this proceeding was brought. The decision of the Commissioner of Patents is to the effect that the provision of the statute relating to cancelation is prospective, and not retrospective, and therefore cannot be applied to trademarks registered prior to the date of its enactment. This is the sole question involved in this case.

The registration of trademarks is regulated entirely by statute. There is no such property right acquired by registration as either forbids regulation or abolition by a subsequent act of Congress. Section 13 relates entirely to procedure in the Patent Office. The act of 1881 did not provide for challenging a registration by a proceeding for cancelation. The act of 1905 for the first time furnished this speedy and sensible remedy. Being merely remedial, and a matter of procedure, it

was within the power of Congress to make it apply to all marks registered in the Patent Office. Intention to make it apply only to future marks is not indicated in the later act. Neither do we find anything to that effect in the saving clause in sec. 30 of the act. Provision as to cancelation did not exist in the prior acts, hence the saving clause in the later act could have no reference to that subject. There being nothing irreconcilable or unreasonable in applying the remedy provided in sec. 13 to registrations allowed under prior acts, it is our duty to construe the acts in harmony. *United States* v. *Healey,* 160 U. S. 136, 40 L. ed. 369, 16 Sup. Ct. Rep. 247; *South Carolina* .v. *Stoll,* 17 Wall. 425, 21 L. ed. 650.

The decision of the Commissioner of Patents is reversed, and the clerk is directed to certify these proceedings as by law required. *Reversed.*